UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| M. COHEN AND SONS, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> PLATTE RIVER INSURANCE COMPANY, <br><br> Defendant, <br><br> v. <br><br> ALLEN COHEN, et al., <br><br> Counterclaim Defendants. | Civil Action No. 20-2149 (ZNQ) (RLS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

SINGH, United States Magistrate Judge.

**THIS MATTER** comes before the Court upon the April 22, 2022 Motion of Plaintiff M. Cohen and Sons, Inc. ("Cohen") seeking leave to file a Second Amended Complaint ("SAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Motion"). (Dkt. No. 130). Specifically, Cohen seeks leave to amend the complaint to identify the lost projects for which Cohen claims damages against Defendant Platte River Insurance Company ("Platte River") and to provide additional factual detail to support its claims. Platte River opposes the Motion, (Dkt. No. 138), to which Cohen has replied, (Dkt. No. 140). With the Court's leave, (Dkt. No. 142), Platte River filed a sur-reply, (Dkt. No. 144), to which Cohen sur-sur-replied, (Dkt. No. 147). The Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, the Court **GRANTS** Cohen's Motion for Leave to Amend.

1

## I. BACKGROUND AND PROCEDURAL HISTORY

As the facts and background are well-known to the parties and the Court, they are not set forth at length. Instead, only those facts and procedural history related to the instant Motion are discussed herein.

On February 27, 2020, Cohen initiated this action against Platte River alleging the following Counts: (1) Breach of the Performance Bond; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Declaratory Judgment; and (4) Tortious Interference with Contractual Relations. (*See generally* Dkt. No. 1). On June 15, 2020, Cohen filed its First Amended Complaint ("FAC"), naming W.S. Cumby, Inc. ("Cumby") as a Defendant and adding a fifth count alleging a violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq*. (*See generally* Dkt. No. 24). On July 2, 2020, Cumby filed a motion to dismiss the FAC. (Dkt. No. 34). On February 27, 2021, the Court granted Cumby's motion to dismiss, terminated Cumby from this action, and directed Cohen to file an amended complaint within thirty (30) days. (*See* Dkt. Nos. 81 & 82).

On April 23, 2021, the Court entered an amended pretrial scheduling order that required any motion to amend the pleadings or to join new parties be filed by no later than July 9, 2021. (Dkt. No. 83). On September 7, 2021, upon the joint request of the parties, the Court extended the deadlines for fact discovery to January 14, 2022, expert discovery to May 8, 2022, and dispositive motions to July 11, 2022. (Dkt. No. 88). On December 14, 2021, again upon the joint request of the parties, the Court amended the scheduling order to further extend the deadlines for, *inter alia*, fact discovery and dispositive motions to April 25, 2022 and October 28, 2022, respectively. (Dkt. No. 109). The parties made no application to extend the deadline for amendment of pleadings in either joint request.

On March 7, 2022, following a telephonic status conference, the Court ordered the parties to submit a joint letter detailing "whether the new damages claims give rise to a need to amend the complaint, to add a new cause of action or instead relate to discovery and scheduling issues." (Dkt. No. 121). Following a reassignment of the assigned Magistrate Judge, on April 11, 2022, the Court directed that any motion for leave to amend be filed by April 22, 2022. (Dkt. No. 128).

On April 22, 2022, Cohen filed the instant motion seeking leave to amend the FAC to: (1) add more detailed allegations that specifically identify the projects Cohen alleges it lost as a result of Platte River's alleged misconduct; (2) clarify how Platte River's alleged misconduct caused Cohen to lose projects; (3) revise Cohen's claim for tortious interference with contractual relations to include prospective economic advantage; (4) elaborate on Platte River's actions severing the relationship with Cohen with respect to the alleged violation of the implied covenant of good faith and fair dealing; and (5) further detail the allegations supporting Cohen's DTSA claim. (*See* Dkt. No. 130-1 at p. 6).

Platte River opposes the Motion, asserting that Cohen fails to meet both the good cause standard under Federal Rule of Civil Procedure 16(b)(4) and the test for amendment under Rule 15(a)(2). (*See generally* Dkt. No. 138). In its reply, Cohen argues that Rule 16(b)(4) is inapplicable, but, even assuming it did apply, Cohen has sufficiently demonstrated good cause and seeks to assert viable claims against Platte River. (*See generally* Dkt. No. 140). Similar arguments as to whether Cohen meets the applicable standards are re-iterated throughout Platte River's sur-reply, (*See generally* Dkt. No. 144), and Cohen's sur-sur-reply, (*See generally* Dkt. No. 147).

## II. LEGAL STANDARD

Cohen seeks leave to amend its pleading beyond the July 9, 2021 deadline originally set by the Court. (*See* Dkt. No. 83). Accordingly, the Court finds that Cohen's request must be evaluated under both Federal Rule of Civil Procedure 16 and Federal Rule of Civil Procedure 15. *See Wang v. N.J. State Police*, No. 18-11933, 2021 WL 794535, at *3 (D.N.J. Mar. 1, 2021) (finding that the Court's deadline for the filing of a motion for leave to amend did not supplant the standard of review on a motion for leave to amend filed after the deadline set forth in the scheduling order).

If a motion for leave to amend is filed after a court-ordered deadline, then a party seeking leave to amend must establish good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 16(b)(4); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]e take this opportunity to clarify that when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies."); Fed. R. Civ. P. 16(b) advisory committee's note to 1983 Amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). To establish good cause, the movant must show due diligence. *Race Tires Am., Inc.*, 614 F.3d at 84. The movant may establish diligence by showing "that their delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citation and internal quotation marks omitted). If the movant establishes good cause under Rule 16, then the Court may evaluate the proposed pleading under Rule 15. *Harbor*

*Laundry Sales, Inc. v. Mayflower Textile Serv. Co.*, Civ. No. 09-6259, 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011) (internal citation omitted); *accord Wang*, 2021 WL 794535, at *2.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Notable to the instant Motion, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.* On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

### III. DISCUSSION

Here, because the Court finds Rule 16(b)(4) applicable, the Court first considers whether Cohen has established good cause. The Court then addresses the relevant factors under Rule 15.

#### A. GOOD CAUSE

Here, the Court finds that Cohen has established the requisite "good cause" under Rule 16 of the Federal Rules of Civil Procedure because Cohen acted with reasonable diligence in seeking to amend.

The Court recognizes that this is a complicated case with multiple moving parts. While Cohen did not formally request an extension of the deadline to amend or add new parties, both parties consented to extensions of many discovery-related deadlines. (*See* Dkt. Nos. 88 & 109). Through its moving papers, Cohen makes clear that the need to amend arose "immediately after Cohen's January 31, 2022 supplementation of its interrogatories." (Dkt. No. 103-1 at p. 10). This assertion is supported by the joint status letter submitted to Judge Goodman on February 11, 2022. (Dkt. No. 130-2 at pp. 149-56). Indeed, the parties were disputing whether amendment was required for some time. Thereafter, Cohen filed the instant Motion on April 22, 2022. (*See* Dkt. No. 130). Based on the foregoing, the Court finds that Cohen sufficiently established that it acted with due diligence in bringing the instant motion. *See Young*, 152 F. Supp. 3d at 353.

#### B. THE FACTORS UNDER RULE 15(A)

Having found that Cohen meets the good cause standard, the Court addresses whether amendment is appropriate under Rule 15 of the Federal Rules of Civil Procedure. In the opposition

6

to the Motion, Platte River argues that the proposed amendments would be futile. (*See* Dkt. Nos. 138 & 144). Platte River does not appear to challenge the Motion on the bases of bad faith or undue prejudice. Therefore, the Court focuses on whether the proposed amendments would be futile.

### *Breach of Indemnity Agreement and Performance Bond (Proposed Counts I-III)*

Through the proposed Counts I through III, Cohen seeks leave to amend its claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment as they relate to the Performance Bond ("PB") and Indemnity Agreement ("IA"). (Dkt. No. 130-2 at pp. 109-17, ¶¶ 182-218). The Court recognizes that Cohen's proposed pleading attaches copies of the PB and IA as exhibits. Accordingly, the Court may consider those documents in analyzing futility under the Rule 12(b)(6) standard. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

First, Platte River's futility arguments concerning the PB are premised upon its assertion that the IA and PB are separate and distinct documents. Indeed, the parties disagree as to the integration status of the IA and PB. Cohen argues that the IA and PB "form a single, interconnected contract between [Cohen] and Platte River," (Dkt. No. 147 at p. 10), and Platte River contends that the documents are separate and distinct, (Dkt. No. 144 at pp. 5-7). Under New Jersey law, "two or more writings may constitute a single contract even though they do not refer to each other. Whether two writings are to be construed as a single contract, however, depends on the intent of the parties." *Am. Hi-Tech Park, LLC v. Sunrise Dev., Inc.*, Civ. No. 09-4752, 2012 WL 1018738, at *9 (D.N.J. Mar. 26, 2012) (quoting *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 306 (3d Cir. 1982)). However, on a motion for leave to amend, where futility under Rule 12(b)(6) is considered, the movant must plead sufficient facts regarding intent but need not prove intent.

7

*See JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*, Civ. No. 21-19943, 2022 WL 3053925, at *7 (D.N.J. Aug. 3, 2022) (citing *Blackberry Ltd. v. PCS Wireless LLC*, Civ. No. 15-1070, 2016 WL 1313161, at *4 (D.N.J. Apr. 4, 2016) ("The parties' intent at the time the contract was drafted . . . is ill-suited to resolution on a motion to dismiss.")).  Accordingly, the Court refrains from ruling on the integration status of the IA and PB on a motion for leave to amend.

As to the proposed claims regarding the IA, Platte River argues that those claims are futile because the "express terms of the [IA] authorized Platte River to settle the Bond Claim over [Cohen's] objection." (Dkt. No. 138 at pp. 42-43).  Both parties cite to Section 10 of the IA, which in turn references the exclusionary provision of Section 5(b), (Dkt. No. 130-2 at pp. 53-55, §§ 5(b), 10); however, each party provides differing interpretations of the Sections themselves.  (*Compare* Dkt. No. 144 at pp. 2-5, *with* Dkt. No. 147 at pp. 7-9).

To properly plead a breach of contract claim, a party must allege: "(1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 635 Pa. 427, 445 (2016).[1]  However, the parties' competing interpretations of Sections 5(b) and 10 of the IA reflect that these Sections are ambiguous.  *See United States ex rel. River Front Recycling & Aggregate, LLC v. Kallidus Techs., Inc.*, Civ. No. 18-9141, 2019 WL 2082948, at *3 (D.N.J.

---

[1] Platte River submits, Cohen does not dispute, and the Court agrees that the IA must be considered under Pennsylvania Law, as it was executed in Pennsylvania, by Pennsylvania citizens, and implicate bonds issued in multiple jurisdictions. *See in re Montgomery Ward & Co., Inc.*, 428 F.3d 154, 161 (3d Cir. 2005) (applying Illinois law to bond issued in Pennsylvania where the indemnity agreement was executed by Illinois company in Illinois).  However, the Court applies both Pennsylvania and New Jersey law to the instant Motion because the elements of the claims under Pennsylvania law appear similar to those in New Jersey. *See Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006) ("If there is not an actual conflict, the inquiry is over and, because New Jersey would apply its own law in such a case, a federal court sitting in diversity must do the same.").

May 13, 2019) (citation omitted) ("A contract is ambiguous if its terms are susceptible to two or more reasonable alternative interpretations."). While the Court is "mindful that the interpretation of a contract's terms is ordinarily a legal question for courts to decide[,] . . . ambiguous contractual provisions raise questions of fact that are not appropriately decided on a motion to dismiss." *Sherwood Grp. Assocs. LLC v. Twp. of Union*, Civ. No. 14-3320, 2015 WL 1268189, at *6 (D.N.J. Mar. 17, 2015) (quoting *Klein v. Budget Rent-a-Car Sys., Inc.*, Civ. No. 12-7300, 2013 WL 1760557, at *6 (D.N.J. Apr. 24, 2013)). At this stage, therefore, the Court will not rule on the meaning of the IA provisions relevant to the proposed amendments. Absent such a ruling, the Court finds that the proposed amendments relating to the IA and PB are sufficient to withstand the futility analysis. Accordingly, the Court GRANTS Cohen's Motion as to the proposed amendments to Counts I through III.

### *Tortious Interference with Contractual Relations and Prospective Economic Advantage (Proposed Count IV)*

Cohen's proposed Count IV seeks to amend its prior tortious interference with contract claim to add a claim for tortious interference with a prospective economic advantage. (Dkt. No. 130-2 at ¶¶ 219-26). Platte River opposes the proposed amendment on a futility basis, arguing that Cohen "has not plausibly alleged specific misconduct by Platte River that *caused surety companies* who [Cohen] approached for bonding to turn [Cohen] down." (Dkt. No. 138 at p. 40). Cohen, in its reply, cites to various allegations within the SAC describing indirect interference by Platte River and argues that, while Platte River did not interfere with surety companies directly, it nevertheless prevented Cohen from obtaining bonding from other sureties. (Dkt. No. 140 at pp. 14-15; Dkt. No. 130-2 at pp. 96-106, ¶¶ 119-166).

To successfully plead a claim for tortious interference with prospective economic advantage, a claimant must establish that:

9

> (1) a claimant has reasonable expectation of an economic benefit; (2) the [opposing party's] knowledge of that expectancy; (3) the [opposing party's] wrongful, intentional interference with that expectancy; (4) in the absence of interference, the reasonable probability that the claimant would have received the anticipated economic benefit; and (5) damages resulting from the [opposing party's] interference.

*Slim CD, Inc. v. Heartland Payment Sys., Inc.*, Civ. No. 06-2256, 2007 WL 2459349, at *3 (D.N.J. Aug. 24, 2007) (citing *Lucas Indus. Inc., v. Kendiesel, Inc.*, Civ. No. 93-4480, 1995 WL 350050 (D.N.J. June 9, 1995); *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 186 (3d Cir. 1992)). The claimant "must allege specific prospective economic opportunities, e.g., prospective customers or contracts, that were interfered with by [the opposing party]." *Engineered Framing Sys., Inc. v. Vescom Structures, Inc.*, Civ. No. 05-1461, 2005 WL 8174971, at *3 (D.N.J. Nov. 1, 2005). Similarly, a claim for tortious interference with prospective contractual relations requires: "(1) a reasonable expectation of economic advantage to plaintiff, (2) interference done intentionally and with 'malice,' (3) causal connection between the interference and the loss of prospective gain, and (4) actual damages." *Hill v. Com. Bancorp, Inc.*, Civ. No. 09-3685, 2011 WL 13146435, at *2 (D.N.J. Feb. 28, 2011) (quoting *Varrallo v. Hammond Inc.*, 94 F.3d 842, 848 (3d Cir. 1996)).

Here, Cohen has alleged sufficiently specific misconduct by Platte River—including alleged statements made to contractors such as, *inter alia*, Clark-McCarthy, Turner Construction, Hunter Roberts, PCL Construction Services, Inc., Suffolk, and New Line, and communications with owners and general contractors that allegedly tarnished Cohen's reputation—which resulted in the loss of Cohen's ability to secure bonds for projects, thereby causing contractual and financial loss. (*See* Dkt. No. 130-2 at ¶¶ 119-66). Accepting the allegations within the SAC as true, which the Court must on the instant Motion, the Court finds that Cohen's proposed amendments

sufficiently state a plausible claim and therefore are not futile. Indeed, Platte River's challenges as to causation are ill-suited for resolution on a motion for leave to amend. Therefore, the Court GRANTS Cohen's Motion as it relates to proposed Count IV.

*DTSA Claim (Proposed Count V)*

Finally, Platte River challenges Cohen's proposed amendments to the DTSA claim, again on a futility basis. To state a claim under the DTSA, a party must allege:

> (1) the existence of a trade secret, defined generally as information with independent economic value that the owner has taken reasonable measures to keep secret . . . ; (2) that is related to a product or service used in, or intended for use in, interstate or foreign commerce . . . ; and (3) the misappropriation of that trade secret, defined broadly as the knowing improper acquisition, or use or disclosure of the secret[.]

*Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021) (internal citations and quotation marks omitted); *see* 18 U.S.C. § 1836(b). Pursuant to the DTSA, misappropriation includes acquisition of trade secrets through the use of "improper means." 18 U.S.C. § 1839(5). "Improper means" "includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means; and . . . does not include reverse engineering, independent derivation, or any other lawful means of acquisition[.]" 18 U.S.C. § 1839(6).

In the proposed SAC, Cohen alleges that Platte River "misappropriated the Trade Secrets in an improper and unlawful manner." (Dkt. No. 130-2 at pp. 119-21, ¶¶ 233-35). Platte River, however, contends that the alleged trade secrets—Cohen's drawings and calculations—were assigned to Platte River upon Cumby's default pursuant to the IA and, therefore, there could be no acquisition through "improper means." (Dkt. No. 138 at pp. 53-54). In response, Cohen argues that "the purported default claim by Cumby was . . . baseless [and u]nder these circumstances,

there can be no valid assignment of [Cohen's] rights under the Indemnity Agreement." (Dkt. No. 140 at p. 24).

The IA, in Section 6, provides for an Assignment of Indemnitor's property "subject to being defeated" in certain circumstances, including, *inter alia*, that "there is no abandonment of, or breach, delay, or default in the performance of any of the obligations contained in any of the Bond(s)," or there is "no declaration of default by any obligee named in any such bond(s) or by any supplier or subcontractor of said Principal." (Dkt. No. 130-2 at p. 54, § 6). The parties do not dispute that Cumby *claimed* default, but they do dispute whether that default was proper. (*See* Dkt. No. 140 at pp. 23-24; Dkt. No. 144 at pp. 7-8). The parties also dispute whether there was "an abandonment of, or breach, delay, or default in the performance" under the PB. As a result, whether the assignment can be "defeated" under the terms of the IA depends on factual disputes not appropriate for consideration on a motion for leave to amend. Furthermore, the Court finds that the proposed amended pleading sufficiently states the requisite elements of the DTSA claim, including alleged "improper means" and an effort to protect the trade secrets. (*See, e.g.*, Dkt. No. 130-2 at p. 88, ¶ 84, pp. 89-93, ¶¶ 88-105, p. 120, ¶¶ 231, 233). Accordingly, the Court GRANTS Cohen's Motion as it relates to proposed Count V.

## IV. CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS, THEREFORE**, on this 9th day of November 2022,

**ORDERED** that Cohen's Motion for Leave to Amend (Dkt. No. 130) is hereby **GRANTED**; and it is further

**ORDERED** that Cohen shall file its Second Amended Complaint within seven (7) days of the entry of this Order; and it is further

**ORDERED** that Platte River shall file a response to the Second Amended Complaint within fourteen (14) days of the filing of the Second Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at Docket Entry Number 130.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**