**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **M. COHEN AND SONS, INC.**, | |
| Plaintiff, | |
| v. | Civil Action No. 20-2149 (ZNQ) (RLS) |
| **PLATTE RIVER INSURANCE COMPANY**, | **OPINION** |
| Defendant, | |
| **ALLEN COHEN,** *et al.*, Counterclaim Defendants. | |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon a Report and Recommendation that granted Defendant/Counterclaim-Plaintiff Platte River Insurance Company's ("Platte River") Motion to Strike ("Motion to Strike," ECF No. 268) and recommended striking a portion of the Nineteenth Affirmative Defense asserting fraud. (ECF No. 295.) Plaintiff/Counterclaim-Defendant M. Cohen & Sons, Inc. ("MCS") and Counterclaim Defendants Allen Cohen, Susan Cohen, Eileen Cohen, Ronald Cohen, Barbara Cohen, Samuel Cohen, Janet Cohen, H.R. Reed Road, L.P., Penmawr, L.P., H.R. Sarasota LLC, and Penmawr FLA, LLC (collectively, the "MCS Defendants") filed an objection to the Report and Recommendation. ("Objection," ECF No. 300.) Platte River filed a Response to the Objection. ("Response," ECF No. 302.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of

Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **ADOPT** the Report and Recommendation in its entirety.

I. <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

The Court assumes the parties' familiarity with the underlying facts and procedural history and only recites those facts necessary to decide the instant motion. For a comprehensive review of the factual and procedural history, reference is made to the underlying decision from the Honorable Rukhsanah L. Singh, U.S.M.J. (the "Magistrate Judge"). *M. Cohen & Sons, Inc. v. Platte River Ins. Co.*, Civ. No. 20-2149, 2024 WL 1773619, at *1 (D.N.J. Mar. 25, 2024). ("Opinion," ECF No. 295.)

The parties to this matter are contractors, subcontractors, and an insurance company who entered into a General Indemnity Agreement ("GIA") for a construction project where Platte River served as MCS's surety and agreed to provide bonds for MCS' projects. ("Second Amended Complaint ("SAC")," ECF No. 183, ¶¶ 17–19.) Pursuant to the GIA, MCS agreed to indemnify Platte River for losses incurred on any bonds issued. (*Id.* ¶ 20.) W.S. Cumby, Inc. ("Cumby") is the general contractor and party to a 2018 construction contract in Princeton, New Jersey, with MCS. (*Id.* ¶ 26.) On October 26, 2018, MCS secured a performance bond issued by Platte River in the amount of $3,508,849 with respect to the Princeton construction project. (*Id.* ¶ 22.) After performance, MCS alleges that Cumby breached the construction agreement, which, in turn, meant that Platte River was not required to act under the performance bond. (*Id.* ¶¶ 36–44.) In June 2019, Cumby notified Platte River that it was considering whether to submit a claim under the performance bond, which it ultimately did in November 2019. (*Id.* ¶ 66.) Unrelated, in July 2019, Platte River reviewed MCS's books and records, using a consultant, Forcon International ("Forcon"), because MCS requested another performance bond for another project. (*Id.* ¶ 68.)

2

MCS alleges that despite being financially strong, Platte River refused to issue new bonds, in part because of Cumby's pending claim. (*Id.* ¶ 71.) Ultimately, after Cumby formally filed its claim, Platte River and Cumby entered into a tender agreement, whereby Platte River agreed to pay Cumby $3,400,000.45 and obtained an assignment of Cumby's claims against MCS. (*Id.* ¶¶ 170–172.) As a result of the above, MCS filed this action.

The relevant procedural history, as set forth in the Magistrate Judge's Opinion, is reproduced below:

> On February 27, 2020, MCS filed this action against Platte River alleging claims for: (1) breach of the performance bond; (2) breach of the implied covenant of good faith and fair dealing; (3) a declaratory judgment; and (4) tortious interference with contractual relations. (*See generally* ECF No. 1). On June 15, 2020, MCS filed its First Amended Complaint ("FAC"), naming Cumby as a Defendant and adding a fifth count alleging a violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq.* (*See generally* ECF No. 24).
>
> On July 6, 2020, Platte River filed its Answer and Counterclaims against the MCS Defendants, asserting claims for specific performance of the General Indemnity Agreement, breach of the General Indemnity Agreement, common law indemnity, and recovery of attorneys' fees pursuant to the General Indemnity Agreement (the "Counterclaims"). (ECF No. 37). On August 10, 2020, the MCS Defendants filed their Answer to the Counterclaims, asserting eighteen Affirmative Defenses, none of which involved fraud. (ECF No. 53).
>
> Following substantial discovery and a contested motion for leave to amend, with the Court's leave, MCS filed a Second Amended Complaint ("SAC") on November 9, 2022. (ECF No. 179; *see also* ECF No. 183 (public SAC)). Platte River filed its Answer and Counterclaims in response to the SAC on June 23, 2023. (ECF No. 255). Platte River did not amend its Counterclaims in response to the SAC. (*See* ECF No. 255). On July 21, 2023, the MCS Defendants filed their Answer, Affirmative Defenses, and Jury Demand in response to the Counterclaims. (ECF No. 262). Without having sought prior leave to do so, the MCS [Defendants] added a new affirmative defense not previously asserted through their Nineteenth Affirmative Defense, which asserts that "Platte River's

> Counterclaims are barred by its bad faith and fraud." (ECF No. 262 at 19).

(Opinion at 5–6.) The issue before the Magistrate Judge was whether to grant or deny Platte River's Motion to Strike the MCS Defendants' Nineteenth Affirmative Defense of fraud.[1] (ECF No. 268.)

In a well-reasoned and thoughtful decision, the Magistrate Judge recommended granting the Motion to Strike because the allegations pertaining to the affirmative defense of fraud in the SAC failed to "rise to the level of meeting the particularized pleading standard of Rule 9(b)." (Opinion at 11–12.) Specifically, the Court found that the SAC did not identify who made the representations, to whom they were made, and simply "lack[ed] any precision or some measure of substantiation to support a fraud allegation as required by Rule 9(b)." (*Id.* at 12 (quotation marks omitted).) The Magistrate Judge further found that allowing the affirmative defense of fraud to proceed would unduly prejudice Platte River because it came three years after the original counterclaims and after factual discovery had been substantially completed. (*Id.* at 13.) The Magistrate Judge also recommended that the MCS Defendants' alternative request for leave to amend its Answer and Affirmative Defenses to the Counterclaims be denied. (*Id.* at 13–14.)[2]

The MCS Defendants filed a timely objection to the Report and Recommendation.

## II.   LEGAL STANDARD

When a magistrate judge addresses motions that are considered "dispositive," a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A);

---

[1] The nature of the fraud defense is, in essence, that Platte River's investigation of the bond claim by Cumby was "a sham" or not "bona fide" and that Platte River misrepresented the status of its investigation.

[2] The Magistrate Judge conducted a review of whether leave to amend would have been granted in the first instance had it been properly sought. The Magistrate Judge concluded that leave to amend would have been denied, reasoning that "neither MCS's pleadings nor the MCS Defendants' original Affirmative Defenses to the Counterclaims asserted claims of fraud," and the MCS Defendants offered no explanation for the delay in asserting fraud as an affirmative defense. (*Id.* at 14.)

4

Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2). A Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir.1987).

Local Civil Rule 72.1(c)(2) allows a party to object to a magistrate judge's Report and Recommendation within fourteen (14) days of service. If a party objects, the district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also U.S. v. Lightman*, 988 F. Supp. 448, 457 (D.N.J. 1997) (upon objection, a district court reviews a Magistrate Judge's recommendation *de novo*). "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Brainbuilders, LLC v. Optum, Inc.*, Civ. No. 18-638, 2019 WL 2315389, at *2 (D.N.J. May 31, 2019) (quotation marks and citations omitted).

### III.  DISCUSSION

The MCS Defendants object to four of the Magistrate Judge's conclusions: 1) the parties have agreed that Pennsylvania law applies to the claims and defenses in this case; 2) the MCS Defendants' allegations of fraud do not meet the particularity requirements of Fed. R. Civ. P. 9(b); 3) the MCS Defendants' assertion of the fraud defense is unduly prejudicial to Platte River; and 4) allowing the MCS Defendants leave to amend to cure these purported defects would further prejudice Platte River. (Objection at 1.) Utilizing a *de novo* review, the Court will address each objection in turn.

### A.   WHETHER THE MAGISTRATE JUDGE ERRED IN FINDING THAT PENNSYLVANIA SUBSTANTIVE LAW APPLIES TO THE GIA

In her decision, the Magistrate Judge noted in a footnote that "[t]he parties acknowledge that Pennsylvania state law applies to the claims and defenses at issue here." (Opinion at 12, n.7.) The MCS Defendants argue that the issue of controlling law was not before the Court when the Magistrate Judge decided the Motion to Strike and she therefore erred by making such a conclusion. (Objection at 5–6.) The MCS Defendants argue that the Magistrate Judge's conclusion on the controlling law was problematic for several reasons: 1) an analysis under New Jersey's choice of law rules demonstrates that because no conflict exists between New Jersey and Pennsylvania law, a court "should avoid the choice of law question entirely" (*id.* at 6–7); 2) even if there is a conflict between the law, it is premature in a decision on a motion to strike to decide the choice of law question (*id.* at 7–9); 3) the Magistrate Judge erred by not applying New Jersey law, the law of the forum (*id.* at 9); and 4) the "Magistrate Judge failed to appreciate that a separate choice of law analysis is required for each claim and defense" (*id.* at 10).

In response, Platte River first argues that this objection is untimely because the Court made this finding previously on multiple occasions and the MCS Defendants did not object. (Response at 24–25; *see also* ECF No. 177 at 8, n.1; ECF No. 248.) Second, Platte River argues that "it has been undisputed law of the case that Pennsylvania state law applies to the claims and defenses arising out of the" GIA, and the affirmative defense of fraud relates to the GIA. (Response at 11, 24, 26.) Third, Platte River argues that the objection is moot because there is no conflict between Pennsylvania and New Jersey law, a point conceded by the MCS Defendants. (*Id.* at 28.)

As an initial matter, the Court is unsure as to why the MCS Defendants spend a significant amount of time in their brief arguing that Pennsylvania law does not apply, especially given that there is no conflict between Pennsylvania and New Jersey law on this issue. *See Dewey v.*

6

*Volkswagen AG*, 558 F. Supp. 2d 505, 525 (D.N.J. 2008) ("In New Jersey, the five elements of common law fraud are (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."); *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022) (In Pennsylvania, common law fraud requires a material misrepresentation or concealment, made with knowledge of its falsity, with the intent of misleading another into relying on it, justifiable reliance, and a resulting injury proximately caused by such reliance). Given that the jurisdictions' laws do not differ, the Magistrate Judge's footnote noting that Pennsylvania law applies to the claims and defenses is immaterial to resolution of the Motion to Strike. Moreover, the Magistrate Judge's recommendation granting the Motion to Strike was properly based on an application of the particularized pleading standard for fraud, as established in Rule 9, irrespective of the substantive law that applied. *See Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). The substantive law is the same, so any analysis under Rule 9 would have been the same.

Moreover, the Magistrate Judge's footnote was limited to the claims and defenses arising from the GIA. For example, as Platte River correctly points out, the Magistrate Judge "stated only that Pennsylvania law applied to 'the claims and defenses at issue here' not that it applied across the board in this matter." (Response at 27.) The MCS Defendants have also implicitly conceded that Pennsylvania law applies to the GIA, and their objection to the Magistrate Judge's footnote now is untimely and waived. In November 2022, the Court found that Pennsylvania state law applies to the claims and defenses arising from the GIA when it granted Plaintiffs' Motion to Amend their Complaint. (*See* ECF No. 177 at 8, n.1 ("Platte River submits, Cohen does not

7

dispute, and the Court agrees that the [GIA] must be considered under Pennsylvania law, as it was executed in Pennsylvania, by Pennsylvania citizens, and implicate bonds issued in multiple jurisdictions.").) Accordingly, this is law of the case. The MCS Defendants' much belated challenge to that determination, after an unfavorable ruling, is unavailing. Accordingly, the Court adopts the Magistrate Judge's conclusion as to the choice of law.

### B. WHETHER THE MAGISTRATE JUDGE ERRED IN CONCLUDING THAT THE MCS DEFENDANTS' ALLEGATIONS OF FRAUD FAIL TO SATISFY RULE 9

The MCS Defendants object to the Magistrate Judge's recommendation that the Court grant Platte River's Motion to Strike because the fraud defense was not pled with particularity. They contend that: 1) the Magistrate Judge incorrectly shifted the burden on the MCS Defendants and faulted them for not asserting a fraud claim as a specific cause of action; 2) an analysis of the affirmative defense under Rule 9 should be flexible because plaintiffs are not required to plead issues that may have been concealed by defendants; and 3) the allegations in the SAC are "far from conclusory." (Objection at 10–15 (relying on SAC at ¶¶ 8, 68-71, 79-84, 86-87, 98, 101, 103, 151).)[3] The MCS Defendants further dispute the Magistrate Judge's conclusion that, absent specifically named individuals, the allegations in the SAC do not provide Platte River with fair notice of the basis for the fraud defense. (*Id.* at 19.) Finally, the MCS Defendants argue that they face "extreme prejudice" if they cannot assert fraud as a defense because then they cannot defend against Platte River's claim for indemnification. (*Id.*)

Platte River argues that the Magistrate Judge correctly applied the heightened pleading requirements of Rule 9(b) and that the MCS Defendants have not adequately pled the elements of fraud for their affirmative defense to survive. (Response at 13–14, 17.) It maintains that even if

---

[3] The MCS Defendants suggest that if permitted to amend the SAC or Answer and affirmative defenses, they would plead specific allegations as to the fraud. (Objection at 15, n.3.)

the MCS Defendants have adequately alleged fraud, under Pennsylvania law, they cannot convert a contract claim into a fraud claim, so any amendment is futile.[4] (*Id.* at 15–16.) Platte River lastly contends that the MCS Defendants' argument that "Platte River already knows which Forcon representatives could have made the alleged [fraudulent] statement" does not mean that fraud was adequately pled. (*Id.* at 20.)

As the Magistrate Judge correctly observed, fraud-based claims, including affirmative defenses, are subject to a heightened pleading standard, requiring a claimant to "state with particularity the circumstances constituting fraud or mistake." (Opinion at 9–10); Fed. R. Civ. P. 9(b); *Borough of Edgewater v. Waterside Constr., LLC*, Civ. No. 14-5060, 2016 WL 7256873, at *8 (D.N.J. Dec. 14, 2016) (noting that courts have held that affirmative defenses are subject to Rule 9(b)); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901, n.7 (E.D. Pa. 2011) ("More, of course, will be required should the allegations at issue relate to fraud or mistake. Such pleadings are subject to Rule 9(b)'s particularized requirements regardless of whether they are made by way of an affirmative defense or a claim" (internal quotation marks and citations omitted)); 5 Wright & Miller, *supra*, § 1274 (noting that the only exceptions to the general pleading rule for affirmative defenses "are the defenses that fall within the special pleading provisions in Rule 9, especially Rule 9(b)"); *see also Barry v. Stryker Corp.*, Civ. No. 20-1787, 2023 WL 2733652, at *8 (D. Del. Mar. 20, 2023) (holding that the affirmative defense of fraud "must be pled with particularity" under Rule 9(b)).

---

[4] The MCS Defendants did not specifically object to the Magistrate Judge's finding that a claim for fraud, were it to be properly pled, is barred under Pennsylvania state law because it is merely a claim for fraud in the performance of the parties' contractual duties. (Opinion at 13–14, n.8.) Such a finding by the Magistrate Judge is therefore subject to a clear error standard of review. Assuming Pennsylvania law applies, Pennsylvania bars tort claims, such as fraud, in certain instances, including "where the tort claim duplicates [as] a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 67 (Pa. S. Ct. 2014) (internal quotation marks and citation omitted). Here, the MCS Defendants have not demonstrated that their claim/defense for fraud does not arise out of the performance of a contract. Accordingly, the Magistrate Judge did not commit clear error in finding that the allegation of fraud "may be barred under Pennsylvania law." (Opinion at 13–14, n.8.)

9

The level of particularity required for a fraud-based claim or defense is such that a defendant is provided with sufficient details to be put on notice of the "precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200–02 (3d Cir. 2007) (citation omitted). At a minimum, Rule 9(b) requires a plaintiff to allege the "essential factual background that would accompany the first paragraph of any newspaper story—that is, the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (citation omitted).

Here, the affirmative defense simply states that "Platte River's Counterclaims are barred by its bad faith and fraud." (ECF No. 262 at 19.) This is merely a conclusory allegation made without the particularity required: the who, what, when, where and how of the events at issue.[5] Moreover, the undersigned has reviewed the SAC in its entirety. The only allegations in the SAC with any resemblance to fraud are conclusory. (*See* SAC ¶ 8 ("Platte River violated its various legal duties . . . by facilitating a sham investigation."); ¶ 10 ("In bad faith and by fraudulent means, Platte River also took advantage of ambiguities in the General Indemnity Agreement, and its own economic power, in an attempt to force MCS to its knees and deprive MCS of the benefit of its bargain, all in furtherance of Platte River's ill-conceived plan to terminate its ties with MCS."); ¶ 84 ("Indeed, it had been Platte River's malicious and bad-faith intent to terminate its ties to MCS since September or October 2019."); ¶ 87 ("[D]espite Platte River acknowledging its failure to investigate the defective glass design contentions, Platte River remained steadfast in its desire to sever its relationship with MCS."); ¶ 180 ("The Tender Agreement was entered into in bad faith

---

[5] The MCS Defendants cite to *In re: Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 739 (D.N.J. 2016), for the proposition that courts should apply Rule 9 with some flexibility when plaintiffs have concealed issues. However, the MCS Defendants do not "use an 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud'" as the court required in that case. *Id.* (quoting *Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644, 658 (3d Cir. 1998)).

10

and for fraudulent purposes because Platte River now stands in Cumby's shoes against its own indemnitor.").

The allegations relied upon by the MCS Defendants fare no better.  (*See* SAC ¶¶ 8, 68-71, 79-84, 86-87, 98, 101, 103, 151.)  These allegations fail to satisfy Rule 9(b) because, as the Magistrate Judge correctly observed, the SAC does not identify who made any such representations, to whom they were made, or who within Platte River may have acted on its behalf in connection with the purported "fraud."  *Klein v. Gen. Nutrition Companies, Inc.*, 186 F.3d 338, 345 (3d Cir. 1999) ("The complaint fails to attribute the statement to any specific member of GNC management.  Fed. R. Civ. P. 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements.").  The MCS Defendants also do not adequately plead that Platte River had any knowledge, belief, or intent to deceive, and whether there was reasonable reliance or materiality,[6] elements of fraud under both Pennsylvania and New Jersey law.  The MCS Defendants allege that Platte River was determined to end its relationship with MCS and engaged in a sham and fraudulent investigation, but there is no specific factual support for this allegation.  Additionally, there is no factual support in any of the MCS Defendants' allegations as to how they reached their conclusion that Platte River engaged in fraud.  In short, the "essential factual background that would accompany the first paragraph of any newspaper story" is missing.  *See In re Suprema Specialties*, 438 F.3d at 276–77.

Therefore, having reviewed the SAC and the Answer, the Court agrees with the Magistrate Judge that the MCS Defendants have not pled fraud with particularity pursuant to Rule 9(b).  Accordingly, her recommendation will be adopted.

---

[6] The Magistrate Judge found that "[t]he MCS Defendants have not pointed to allegations of the SAC that would meet all of these [fraud] elements, such as materiality or reasonable reliance."  (*See* Opinion at 12, n.7.)  The MCS Defendants did not object to this portion of the Magistrate Judge's decision, and there is no error in her finding, much less a clear one.

11

### C. WHETHER THE MAGISTRATE JUDGE ERRED IN CONCLUDING THAT THE MCS DEFENDANTS' ASSERTION OF FRAUD WAS UNDULY PREJUDICIAL

The MCS Defendants object to the Magistrate Judge's recommendation to grant the Motion to Strike because "Platte River did not show how its reputation would be harmed by Cohen's affirmative defense, nor could it, considering the defense is based on allegations already set forth in the SAC." (Objection at 20.) They disagree with the Magistrate Judge's independent conclusion that the MCS Defendants' assertion of a fraud defense "about three years after the filing of the original Counterclaims and while factual discovery had been substantially completed" would "undoubtedly cause undue delay and expand discovery beyond the issues already joined in this matter." (*Id.* at 21.) Their theory is that the Magistrate Judge should not have considered evidence of prejudice not presented by the moving party, i.e., Platte River. (*Id.*) The MCS Defendants further argue that a finding of prejudice was error because their asserted fraud defense was in compliance with orders regarding amended pleadings. (*Id.*) Moreover, they reiterate their argument that Platte River had notice of the fraud allegations dating back to April 2022, when MCS filed its motion for leave to file a SAC. (*Id.* at 22.) Lastly, the MCS Defendants contend that the parties engaged in discovery regarding Platte River's bad faith and fraudulent conduct for more than a year, so there was no prejudice on discovery grounds. (*Id.* at 23.)

Platte River argues that the Magistrate Judge correctly granted the Motion and correctly found that Platte River would be prejudiced by allowing the MCS Defendants to assert fraud as an affirmative defense at this stage of the litigation. (Response at 22–23.) It argues that it faces prejudice by having to engage in discovery on a fraud affirmative defense when fraud has not been sufficiently pled and that its reputation, were the fraud defense to be allowed, is at issue. (*Id.* at 23.) It contends that the Magistrate Judge was "within the considerable discretion afforded a judge

12

on a motion to strike to identify the prejudice resulting from this new affirmative defense." (*Id.* at 24.)

In addition to its support for the Magistrate Judge's recommendation to grant the Motion to Strike, Platte River renews its position that the affirmative defense could be dismissed under Rule 9(b) rather than stricken under Rule 12(f). (Response at 22, n.14.) It presented this argument to the Magistrate Judge as well. (*See* ECF No. 268-1 at 1, 8, n.6; ECF No. 274 at 1, 7.) For reasons unclear, the MCS Defendants did not respond to Platte River's argument before the Magistrate Judge or in the briefing before the undersigned.

Because, as shown above, the Court finds that the fraud allegation fails to comply with Rule 9(b), it will dismiss the affirmative defense on that basis and not reach whether there is prejudice. *See Giles v. Phelan, Hallinan & Schmieg, LLP*, 901 F. Supp. 2d 509, 531 (D.N.J. 2012) ("Where, as here, a Rule 12(f) motion attacks the sufficiency of the allegations contained in a pleading, it is appropriate to convert that motion into one pursuant to Rule 12(b)(6)."); *Gesualdi v. LR Safety Consultants & Constr. Servs, LLC*, Civ. No. 19-2404, 2020 WL 6809127, at *5 (E.D.N.Y. Nov. 3, 2020) (dismissing counterclaimants' third affirmative defense under Rule 9(b) as an alternative to striking under Rule 12(f)).

### D. WHETHER THE MAGISTRATE JUDGE ERRED IN DENYING LEAVE TO AMEND

The MCS Defendants object to the Magistrate Judge's denial of their request to amend their Answer. (Objection at 24.) They seek leave to amend to name the specific individuals involved in the purported fraud. In favor of granting leave to amend, the MCS Defendants contend there was no delay in seeking leave to amend, and that it was erroneous for the Magistrate Judge to conclude that amendment would be futile. (*Id.* at 25.) Lastly, they argue that "there is no

prejudice—let alone undue or substantial prejudice—in allowing Cohen leave to amend." (*Id.* at 26.)

Platte River argues that the Magistrate Judge correctly denied the MCS Defendants leave to amend because they made no showing of due diligence or good cause in seeking to assert the fraud defense. (Response at 29.) Platte River also argues that the Magistrate Judge correctly found that the amendment would be futile even if the MCS Defendants had demonstrated good cause. (*Id.* at 32.)

Here, for the reasons that follow, the Court will adopt the Magistrate Judge's recommendation to deny the MCS Defendants leave to amend. Because their amendment came after the deadline to do so under the operative scheduling order and without prior leave of court, the "good cause" standard set forth in Rule 16(b)(4) controls. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The Magistrate Judge correctly observed that waiting three years to assert an affirmative defense does not demonstrate due diligence. In their briefing to the Magistrate Judge and their briefing here, MCS Defendants have offered no explanation as to how they either only recently appreciated a fraud defense or, if they appreciated it earlier, how circumstances prevented them from asserting it. Moreover, the MCS Defendants have had multiple opportunities to assert this defense in the intervening period. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 85 (3d Cir. 2010) (affirming the district court's denial of leave to amend because "[t]he [d]istrict [c]ourt [] understandably wanted this complicated case to move forward to its ultimate resolution.").

In short, the undersigned agrees with the Magistrate Judge that the MCS Defendants have not shown the Court that they acted with due diligence. Therefore, they have not shown the requisite good cause for leave to amend in this case. *See Est. of Wiley v. City of Newark,* 2021 WL

4272826, at *5 (D.N.J. Sep. 21, 2021) (concluding that where movant cannot establish diligence required by Rule 16(b)(4), "there can be no good cause, and the court need not reach the issue of prejudice").

## IV. CONCLUSION

For the reasons stated above and for the reasons identified in the Magistrate Judge's Report and Recommendation, the Court will **ADOPT** the Magistrate Judge's Report and Recommendation (ECF No. 295) in full as the Opinion of the Court. The MCS Defendants' Nineteenth Affirmative Defense will be **DISMISSED** and leave to amend will be **DENIED**. An appropriate Order will follow.

Date: July 7, 2025

s/ Zahid N. Quraishi  
**ZAHID N. QURAISHI**  
**UNITED STATES DISTRICT JUDGE**